FRANCES WRIGHT, plaintiff in error, *vs.* J. W. D. McDON-
ALD, defendant in error.

Where a note given for the purchase-money of land was traded after due,
and suit instituted by the transferee upon such note went into judg-
ment in 1867, and in 1869, the vendor of the land died, and his widow
set up her claim to dower in the land, which was allowed her, upon
the ground that the land came by inheritance through her, and she had
not relinquished her right thereto, in terms of the law, and the vendor,
the defendant to the suit upon the note, filed his bill in equity, pray-
ing an injunction and setting forth the facts, which was granted by the
Court:

*Held,* The transferee of the note, after due, took it with the existing
equities between the original parties, and the claim for dower, under
the facts, was not such an equity as the defendant was bound to plead
to the suit in 1867, as the right did not ripen until after the death of
the vendor, in 1869, and that this Court will not interfere with the
judgment of the Court below in granting an injunction restraining the
collection of the judgment, at law, until the hearing under all the facts
in this case.

Promissory notes.    Dower.    Before Judge PARROTT.
Murray county.    Chambers.    August, 1871.

The facts are in the opinion.

A. FARNSWORTH; W. W. GIBBONS; JOHNSON & MC-
CAMY, for plaintiff in error.

D. A. WALKER; SHUMATE, for defendant.    As to defense
since judgment, cited: 16 Ga. R., 403; 40th, 495, 501; 2
Wh. & T. L. Cases in Eq., 97 *et seq.*    Dower assigned is
breach of warranty: 4 Ga. R., 493.    Plaintiff having taken
note after due, is bound by all equities between original par-
ties: R. Code, sec. 2744; 2 Kelly's Ga. R., 135; Smith's M.
L., 276; 1 Parson on Con., 214; Story on Prom. Notes, sec.
190.

LOCHRANE, Chief Justice.

This case presents, substantially, the following facts: Mc-
Donald purchased, in 1861, from a man named Davis, some

Wright *vs.* McDonald.

land, for which he gave his notes for $5,500 00, taking bond for titles, and paying up the notes, except the last, for principal, $1,700 00, upon which he paid, in January, 1863, the sum of $800 00. This note, a balance due thereon, was traded to the plaintiff in error, in 1863, after it was due. Upon this note, to the October Term, 1867, suit was brought and judgment recovered, and upon which a payment was made by McDonald, after the judgment. The vendor of the land died, and his widow, Mrs. Davis, instituted proceedings to have her dower assigned in the lands, the consideration of the note. In this proceeding she was successful, and McDonald, the vendee, filed his bill in equity to restrain the levy and collection of the judgment, and, upon hearing the bill upon demurrer thereto, the Judge granted the injunction prayed for. This is the sole question in the case.

It is conceded that, as Mrs. Wright traded for the note after its maturity, she took it with all the existing equities between the contracting parties, and if McDonald knew, when he was sued, in 1867, upon the note, of this equity or right of the widow of Davis to dower, and failed to plead it, is he estopped. If Davis had died before the suit or judgment, we think it would have been incumbent on him to have moved in his defense, to protect himself against the rendition of the judgment. But when this judgment at law was obtained, Davis was in life, and the defendant could not have pleaded the assignment of dower against recovery upon the note for the purchase-money, for he was in possession, and undisturbed. And we hold, that before the collection of the money upon that judgment, Davis having died, and his widow having had dower assigned, he was still entitled to invoke the interposition of a Court of equity. And we see no legal reason to reverse the judgment of the Chancellor, under the facts in this case.

Judgment affirmed.